**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **BOOKENDS & BEGINNINGS, LLC,** on behalf of itself and all others similarly situated,<br><br>      **Plaintiff,**<br><br>      v.<br>**AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,**<br>          **Defendants.** |

**Case Number 1:21-cv-02584-GHW-DCF**

**NOTICE OF MOTION TO STRIKE CLASS ALLEGATIONS**

Pursuant to Federal Rule of Civil Procedure 12(f) and 23(d)(1)(D), Defendant Amazon.com, Inc. ("Amazon"), respectfully moves to strike the class allegations from Plaintiff's Amended Complaint. *See* ECF 63, Am. Compl., ¶¶ 81-90.

A motion to strike class allegations should be granted when "it would be impossible to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery." *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015). "[A]s long as the 'complaint itself demonstrates that the requirements for maintaining a class action cannot be met,' the Court may strike the class allegations at any practicable time after the suit has been filed." *Borgese v. Baby Brezza Enter. LLC*, No. 20-cv-1180, 2021 WL 634722, *2 (S.D.N.Y. Feb. 18, 2021) (quotation omitted); *see also Camacho v. City of New York*, No. 19-cv-11096, 2020 WL 4014902, *3 (S.D.N.Y. Jul. 16, 2020) (striking class allegations where it was clear at the pleading stage that plaintiffs could not meet rule 23's requirements).[1]

---

[1] Certain earlier decisions of this court expressed a contradictory view that motions to strike class allegations are premature at this stage if they involve discussion of issues that would also be considered as part of a Rule 23 motion to certify a class. *See, e.g.*, *Chen-Oster v. Goldman Sachs*

This is just such a case.  As the Second Circuit and U.S. Supreme Court have each made clear, plaintiffs pursuing claims for discriminatory pricing under the Robinson-Patman Act must demonstrate "the diversion of sales from a disfavored purchaser to a favored purchaser." *Cash & Henderson Drugs, Inc. v. Johnson & Johnson*, 799 F.3d 202, 210 (2d Cir. 2015) (citing *Volvo Trucks N. Am. v. Reeder–Simco GMC, Inc.*, 546 U.S. 164, 177 (2006)).  That standard requires inquiry into the "number of instances in which the plaintiff and a favored purchaser competed directly for customers," and proof that more than a *de minimis* number of sales were lost *by each complaining plaintiff. Id.* at 210-11 (analyzing lost sales on a retailer-by-retailer basis and finding a failure to demonstrate competitive injury because lost sales were only "slightly more than one percent" of all transactions).

Striking Plaintiff's class allegations is necessary and appropriate here because no matter what Plaintiff learns in discovery, it will always need to prove the individual, competitive circumstances of each putative class member to show the requisite competitive injury.  In practice, this would require each and every retailer that is part of the putative class to prove that it paid higher wholesale prices than Amazon on each of the Publisher Defendants' titles, the instances in which it and Amazon competed for customers on a particular title, and the sales lost by that particular retailer as a result.  That individualized inquiry is part of what makes Robinson-Patman Act cases particularly ill-suited to the class action format.  For these reasons,

---

*& Co.*, 877 F.Supp.2d 113, 117 (S.D.N.Y. 2012).  The more recent weight of authority, however, supports the proposition that "[i]t is prudent to address th[is] issue as soon as that can be done with confidence," *Camacho*, 2020 WL 4014902 at *3, and that approach finds support in a decision of the Supreme Court, *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues [under Rule 23] are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim[.]").

and those stated in the Publisher Defendants' brief, which Amazon joins, *see* ECF 76, at 23-25,

the Court should strike Plaintiff's class allegations.  *See* Fed. R. Civ. P. 12(f), 23(d)(1)(D).

Dated:  September 7, 2021

Respectfully Submitted,

/s/ John E. Schmidtlein

John E. Schmidtlein (*Pro Hac Vice*)
Jonathan B. Pitt (S.D.N.Y. Bar No. jp0621)
Carl R. Metz (*Pro Hac Vice*)
WILLIAMS AND CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
JSchmidtlein@wc.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing Motion to Strike has been filed and served upon counsel of record via ECF electronic notification.


Dated:  September 7, 2021

                                     Respectfully Submitted,

                                 /s/ John E. Schmidtlein
                                 John E. Schmidtlein (*Pro Hac Vice*)