UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOOKENDS & BEGINNINGS LLC,<br><br>                                    Plaintiff,<br><br>            v.<br><br>AMAZON.COM, INC., HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,<br><br>                                    Defendants. | Case No. 1:21-cv-02584-GHW-DCF<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN FURTHER SUPPORT OF PUBLISHER DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
<u>AND TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

MOTION TO DISMISS ..................................................................................................................2

I.  COUNTS II AND IV: PLAINTIFF STILL FAILS TO PLAUSIBLY ALLEGE A CONSPIRACY UNDER THE SHERMAN ACT ................................................................2

    A.  There Is No Direct Evidence of a Horizontal Agreement Among Publisher Defendants ...............................................................................................................2

    B.  Plaintiff Alleges No Plausible Circumstantial Evidence of a Horizontal Agreement ................................................................................................................3

    C.  Plaintiff's Conspiracy to Monopolize Fails For the Same Reasons ........................5

II. COUNTS II AND IV: PLAINTIFF STILL FAILS TO ALLEGE ANTITRUST INJURY OR HARM TO COMPETITION .......................................................................5

III. COUNT I: PLAINTIFF STILL FAILS TO ADEQUATELY ALLEGE A PRICE DISCRIMINATION CLAIM UNDER THE ROBINSON-PATMAN ACT ......................7

    A.  Plaintiff Fails to Plead Injury to Competition ..........................................................7

    B.  Plaintiff Fails to Show that Alleged Price Differences Are Not the Result of Materially Different Contracts or Legitimate Functional Discounts ..................8

    C.  Plaintiff Fails to Plausibly Allege Reasonably Contemporaneous Sales .................9

    D.  Plaintiff's Claim is Barred by the Meeting Competition Defense .........................10

MOTION TO STRIKE ..................................................................................................................10

CONCLUSION ..............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Amazon.com, Inc. eBook Antitrust Litig.*,
   No. 21-351 (S.D.N.Y. Jan. 14, 2021) ...............................................................................9

*American Booksellers Association, Inc. v. Random House, Inc.*,
   No. 96-0030, 1996 WL 499520 (S.D.N.Y. Sept. 4, 1996) ........................................9

*Atl. Richfield Co. v. USA Petroleum Co.*,
   495 U.S. 328 (1990)..............................................................................................................7

*Bookhouse of Stuyvesant Plaza, Inc. v. Amazon.com, Inc.*,
   985 F. Supp. 2d 612 (S.D.N.Y. 2013)...............................................................................1

*In re Chocolate Confectionary Antitrust Litig.*,
   801 F.3d 383 (3d Cir. 2015).................................................................................................5

*Coal. For A Level Playing Field, L.L.C. v. AutoZone, Inc.*,
   737 F. Supp. 2d 194 (S.D.N.Y. 2010)...........................................................................8, 9

*In re Elec. Book Antitrust Litig.*,
   859 F. Supp. 2d 671 (S.D.N.Y. 2021)..............................................................................4

*Falls City Indus. v. Vanco Beverage, Inc.*,
   460 U.S. 428 (1983)............................................................................................................10

*Gelboim v. Bank of America Corp.*,
   823 F.3d 759 (2d Cir. 2016)................................................................................................7

*Great Atl. & Pac. Tea Co. v. FTC*,
   440 U.S. 69 (1979)................................................................................................................3

*In re Inclusive Access Course Materials Antitrust Litig.*,
   No. 20-2946, 2021 WL 2419528 (S.D.N.Y. June 14, 2021) ......................................8

*Maier-Schule GMC, Inc. v. General Motors Corp.*,
   780 F. Supp. 984 (W.D.N.Y. 1991)..................................................................................9

*Ohio v. American Express Co.*,
   138 S. Ct. 2274 (2018)..........................................................................................................6

*Planetarium Travel, Inc. v. Altour Int'l, Inc.*,
   97 F. Supp. 3d 424 (S.D.N.Y.), *aff'd*, 622 F. App'x 40 (2d Cir. 2015)....................2

*Ross v. Am. Express Co.*,
   35 F. Supp. 3d 407 (S.D.N.Y. 2014)..................................................................................5

*Standard Oil v. United States*,
    337 U.S. 293 (1949) ...................................................................................................6

*Starr v. Sony BMG Music Entm't*,
    592 F.3d 314 (2d Cir. 2010) ..................................................................................2, 5

*Sw. Paper Co. v. Hansol Paper*,
    No. 12-8721, 2013 WL 11238487 (C.D. Cal. Apr. 15, 2013) ....................................9

*Texaco Inc. v. Hasbrouck*,
    496 U.S. 543 (1990) ...................................................................................................9

*United States v. Apple, Inc.*,
    791 F.3d 290 (2d Cir. 2015) ............................................................................ *passim*

**Statutes**

15 U.S.C. § 1 (Sherman Act Section 1) .................................................................. *passim*

15 U.S.C. § 2 (Sherman Act Section 2) .................................................................. *passim*

15 U.S.C. § 13 (Robinson-Patman Act) .................................................................. *passim*

## **PRELIMINARY STATEMENT**

Plaintiff's amended Complaint purports to assert distinct legal claims against Publisher Defendants, including two Sherman Act conspiracy claims and a Robinson-Patman Act price discrimination claim. Each legal theory requires Plaintiff to plausibly plead and prove different elements, including distinct antitrust injury. The Opposition[1] to Publisher Defendants' Motion to Dismiss[2] mixes its Sherman Act and Robinson-Patman Act ("RPA") claims together, confusing the elements of each, and fails to plausibly allege a conspiracy or unlawful price discrimination.

Plaintiff's Sherman Act claims should be dismissed because the Complaint purports to allege a facially implausible conspiracy among Publisher Defendants to entrench a downstream monopolist, leaving them with a customer that could dictate terms to them in perpetuity. Moreover, the Complaint contains no direct evidence of that conspiracy and no facts from which the Court could infer it. This Court rejected similar allegations once before relating to the alleged book market, against similar defendants, in *Bookhouse of Stuyvesant Plaza, Inc. v. Amazon.com, Inc.*, 985 F. Supp. 2d 612 (S.D.N.Y. 2013). It should do the same here. As for Plaintiff's supposed antitrust injury and harm to competition, Plaintiff defeats any such injury by alleging that it chooses to sell books at higher prices to consumers and keeps nearly 50% of the proceeds from each of its sales. If Plaintiff wanted to compete on price, it could have; Plaintiff chose not to do so.

Plaintiff similarly fails to allege a plausible price discrimination claim because it fails to (i) identify any injury under the RPA, *i.e.*, that it lost sales because of the alleged discrimination rather than because it charged higher prices to consumers, (ii) address the fact that Plaintiff and Amazon operate and buy books differently, or (iii) address the fact that each Publisher Defendant

---

[1] ECF No. 96, Plaintiff's Memorandum in Opposition to Publisher Defendants' Motion to Dismiss and Motion to Strike ("Opposition or "Opp.").

[2] ECF No. 76, Memorandum of Law in Support of Publisher Defendants' Motion to Dismiss ("Motion" or "Mem."). Unless specified, capitalized terms are afforded the same meanings used in Publisher Defendants' Motion.

has a legitimate and lawful business reason to discount in response to competition.

The Complaint fails to allege facts supporting nearly every element of its claims, from a plausible agreement to valid antitrust injury. For all of the reasons explained in Publisher Defendants' Motion and this Reply, the Complaint is fatally deficient and should be dismissed.

## MOTION TO DISMISS

### I. COUNTS II AND IV: PLAINTIFF STILL FAILS TO PLAUSIBLY ALLEGE A CONSPIRACY UNDER THE SHERMAN ACT

The Complaint lacks the most crucial element of its Sherman Act claims: a plausible horizontal conspiracy. Plaintiff fails to credibly allege an agreement among Publisher Defendants. Plaintiff tries to circumvent its pleading burden with unsupported conclusions and repeated cites to *Apple*, Opp. at 5-10 (citing *United States v. Apple, Inc.*, 791 F.3d 290 (2d Cir. 2015)), but it cannot rectify this glaring deficiency. The absence of a plausible agreement dooms both counts.

### A. There Is No Direct Evidence of a Horizontal Agreement Among Publisher Defendants

Plaintiff's purported "direct evidence" of a horizontal agreement is simply its own conclusory statement that it pled a conspiracy to raise prices. Opp. at 5-6.[3] In support, Plaintiff points only to Publisher Defendants' ***independently negotiated, vertical*** agreements with Amazon. As Publisher Defendants' Motion demonstrated, independently negotiated, vertical contracts are lawful and do not give rise to a horizontal conspiracy, particularly where (as here) there are no plausible allegations of an agreement among Publisher Defendants. *See* Mem. at 4.[4]

Second, Plaintiff fails to allege facts suggesting that the vertical agreements were conditioned upon others' participation. Opp. at 5. The key alleged conspiratorial terms are standard

---

[3] Plaintiff also misrepresents *Starr v. Sony BMG Music Entm't* as the standard for direct evidence of an agreement. Opp. at 7. But *Starr* states that allegations of a "time, place, or person" are not required ***if*** "the claim of the agreement rests on the parallel conduct described in the complaint"—*i.e.*, on circumstantial evidence. 592 F.3d 314, 325 (2d Cir. 2010). Here, Plaintiff argues that it has alleged direct evidence, but it falls far short.

[4] Plaintiff tries to distinguish *Planetarium Travel, Inc. v. Altour Int'l, Inc.* because it involved a boycott, Opp. at 6, but the underlying point is fatal. Publisher Defendants "do[] not compete with" Amazon, and "[a]ny restraints placed on [them] are vertical." *Planetarium*, 97 F. Supp. 3d 424, 431 (S.D.N.Y.), *aff'd*, 622 F. App'x 40 (2d Cir. 2015).

2

provisions under the Robinson-Patman Act whereby a firm agrees to match a competitor's lower price. *See* Compl. ¶ 5. And as this case shows, the need for documenting a meeting competition defense—*i.e.*, that "the granting of a lower price would in fact meet the equally low price of a competitor"—is hardly pretextual. *Great Atl. & Pac. Tea Co. v. FTC,* 440 U.S. 69, 82 (1979). If Plaintiff was correct, every time a seller relied on the statutory meeting competition defense under the RPA, there also would be a well-pled Sherman Act violation. This absurd result turns antitrust law on its head. The mere fact that some, not even all, Publisher Defendants independently included lawful meeting competition provisions in their contracts is not concerted action.

Third, Plaintiff's argument that the Court should infer a horizontal conspiracy to "raise the wholesale and retail prices of print trade books" is undermined by Plaintiff's admission that the only agreements cited were for Publisher Defendants to "sell their books at **highly discounted prices**"—the opposite of the alleged purpose. Opp. at 2, 5 (emphasis added). Plaintiff fails to plead a horizontal restraint among Publisher Defendants, and a conclusory label changes nothing. Plaintiff's alleged hub-and-spoke conspiracy fails for this same reason. Mem. at 8-9.

### B. Plaintiff Alleges No Plausible Circumstantial Evidence of a Horizontal Agreement

Plaintiff also fails to plausibly allege that Publisher Defendants' agreements with Amazon amount to parallel conduct to support an inference of a conspiracy. Mem. at 4-8. First, Plaintiff ignores that the agreements were independently entered between Amazon and each Publisher Defendant at different times. *Id.* at 4. There is nothing improper about this timing, particularly when there are no allegations of communications between Publisher Defendants. *Id*. at 4-5. Second, the Complaint undermines any claim of "identical agreements." Opp. at 2. Plaintiff concedes that there are varying contract provisions and that at least one contract contains no meeting competition clause at all. Compl. ¶¶ 8, 102. Further, Plaintiff conflates its conspiracy claims with its RPA claim. While Plaintiff's Opposition denounces "discriminatory pricing

3

contract[s]" and alleges that Publisher Defendants "agreed to sell…books at highly discounted prices," Opp. at 5-6, these allegations undermine Plaintiff's price-fixing claims. Plaintiff cannot plausibly tie these vertical agreements to increase discounts—which can lower consumer prices—to a horizontal agreement to raise prices. The Complaint should be dismissed on this basis alone.

***Signaling.*** As to plus factors, Plaintiff ignores that its signaling allegations do not concern the market alleged in this case—print trade books. Plaintiff asserts that "public announcements were confirmation of the Publisher Defendants' commitment to price fixing through collective action." Opp. at 8. But Plaintiff does not address how third-party announcements regarding a ***different alleged market***—eBooks—and a ***different distribution model***—agency—can "signal" anything about individual print book wholesale distribution agreements. Mem. at 5-6. This is fatal.

***Self-Interest.*** Plaintiff disregards that its Complaint explains why it was in each Publisher Defendant's individual interest to enter into separate agreements with Amazon. *See* Mem. at 6. As the Complaint describes, Amazon possesses "about 50% of the [alleged] retail market for…print books," "has the ability to promote or destroy a book in the national marketplace," and can "show[] publishers' titles as out of stock or with delayed shipping times[.]" Compl. ¶¶ 51, 118. Plaintiff cannot claim that Amazon played such an essential role in book distribution while also claiming that entering into vertical agreements was against Publisher Defendants' self-interest. Opp. at 8.

***Interfirm Communications.*** Without any allegations of direct communications between Publisher Defendants, Plaintiff argues that "the *Apple* plaintiffs alleged at the pleading stage only that Apple acted as a conduit[.]" Opp. at 7. That is false. In *Apple*, plaintiffs alleged "Publisher Defendants communicated with each other over the course of the negotiations *and* Apple acted as conduit[.]" *In re Elec. Book Antitrust Litig.*, 859 F. Supp. 2d 671, 676 (S.D.N.Y. 2021) (emphasis added). Here, in contrast, Plaintiff does not allege any communications between Publisher

4

Defendants directly or indirectly through Amazon. This renders Plaintiff's unsupported leap from independent, vertical contracts to horizontal conspiracy implausible. Mem. at 5.

***Prior Alleged Conspiracy.*** Plaintiff argues that *Apple* is evidence of its alleged conspiracy because it involves some of the same actors. Opp. at 7-8 (citing *In re Chocolate Confectionary Antitrust Litig.,* 801 F.3d 383 (3d Cir. 2015)). But Plaintiff's cited case actually found **no plausible conspiracy** because the companies and people involved were different. *In re Chocolate*, 801 F.3d at 403. Of course, Amazon was not involved in the prior alleged *Apple* conspiracy; indeed, it was the alleged ***target***. Plaintiff also argues that a prior conspiracy is evidence "so long as there is a direct, logical relationship" between the two. Opp. at 9 (citing *Ross v. Am. Express Co.*, 35 F. Supp. 3d 407, 449 (S.D.N.Y. 2014)). But the exact opposite is true here. In *Apple,* Publisher Defendants supposedly conspired with Apple to stop Amazon in eBooks. Now Plaintiff claims they are conspiring to help Amazon expand its market share in print books. This is entirely illogical.

### C. Plaintiff's Conspiracy to Monopolize Fails For the Same Reasons

Plaintiff falsely claims that Publisher Defendants offer only two critiques for its conspiracy to monopolize claim. Opp. at 10. But the Motion explains why every element of this claim is missing: no concerted action, no specific intent to monopolize, no harm to competition, and no antitrust injury. Mem. at 9-10. Further, as to specific intent, *Starr* does nothing to relieve Plaintiff of its pleading burden as that case did not involve a conspiracy to monopolize claim at all. *See* Opp. at 11 (citing *Starr*, 592 F.3d at 325). And Plaintiff's tired and repeated fallback to *Apple* changes nothing. Plaintiff's conspiracy to monopolize claim should be dismissed.

### II.   COUNTS II AND IV: PLAINTIFF STILL FAILS TO ALLEGE ANTITRUST INJURY OR HARM TO COMPETITION

Plaintiff's alleged antitrust injury and harm to competition boil down to a complaint that it lost sales and profits because of Publisher Defendants' alleged discounts and Amazon charging

lower prices than Plaintiff to consumers. Compl. ¶ 56. That is neither antitrust injury nor harm to competition under the Sherman Act. Plaintiff's conclusory assertions in its Opposition that Publisher Defendants' supposed conspiracy "raise[d] market prices" and "inflated wholesale prices," Opp. at 12, are wholly unsupported, and indeed contradicted, by the Complaint.

*__Lower Prices.__* Plaintiff fails to address Publisher Defendants' argument that rather than price increases, the Complaint describes lower prices to consumers. Mem. at 13-14. Plaintiff does not dispute that: (1) its chart "Weighted Average List Prices" says nothing about actual retail prices to consumers, Compl. ¶¶ 12-13; (2) its chart shows the suggested average list price *declining*; Id. and (3) its Complaint provides examples of *lower prices* to consumers. Id. ¶¶ 54-55. Plaintiff also fails to address its contradictory allegations regarding any reduction in output or consumer choice, critical elements for its claim. Mem. at 14-15. Unable to dispute these arguments, Plaintiff asserts only that "wholesale and retail print book prices increased" as they did in *Apple*. Opp. at 14. But restating historic language from *Apple* without current facts does not show harm to competition.

*__No Market Power.__* Next, Plaintiff claims that Publisher Defendants concede that Plaintiff alleges direct evidence of market power. Opp. at 14. This is false. Publisher Defendants dispute that Plaintiff alleges harm to competition directly or indirectly. Mem. at 14-15. Plaintiff then ignores Publisher Defendants' argument that Plaintiff does not provide shares for Publisher Defendants *in the relevant market alleged in this case*. Id. Neither "online book sales" nor "trade books sold" comprise the "print trade books" market alleged by Plaintiff. Opp. at 15. And even so, Plaintiff's cited cases do not support aggregating market shares of individual vertical agreements in support of a horizontal conspiracy. Opp. at 14-15.[5] Plaintiff cannot salvage its claims.

---

[5] In *Standard Oil v. United States*, 337 U.S. 293 (1949), the Court aggregated contracts to determine the percentage of commerce foreclosed by a single defendant's exclusive dealing agreements—a claim and an element irrelevant here. In *Ohio v. American Express Co.*, 138 S. Ct. 2274, 2284-85 (2018), the plaintiff relied upon direct evidence of harm to competition—not circumstantial evidence of market power.

***No Antitrust Injury.*** Plaintiff concedes there is no presumption for antitrust injury under the Sherman Act. Mem. at 10. Nevertheless, Plaintiff again conflates its RPA claim, trying to assert injury based on supposed discriminatory discounting to Amazon despite the result of lower prices. For antitrust injury under the Sherman Act, however, the alleged conduct must reduce competition and thus cause higher prices or lower output. *See Atl. Richfield Co. (ARCO) v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990). As discussed, Plaintiff fails to plausibly allege this type of injury.

Plaintiff's cited case, *Gelboim v. Bank of America Corp.*, explains that "[t]he principal objective of antitrust policy is to maximize consumer welfare by encouraging firms to behave competitively." 823 F.3d 759, 772-3 (2d Cir. 2016).[6] Here, Plaintiff cannot dispute that consumers pay less due to Amazon's discounts. Compl. ¶¶ 54-55. Plaintiff thus tries to shift the focus and convince the Court to disregard its "retail price compared to its rivals." Opp. at 12-13. But that is the essence of competition as booksellers like Plaintiff and Amazon set retail prices for consumers. Plaintiff does not deny that it chooses to sell its books at higher prices than Amazon or that it keeps ***nearly 50%*** of the proceeds on every sale. Mem. at 11-12. And Plaintiff fails to rebut that nothing prevents it from competing on price, a necessary constraint for antitrust injury. *Id.* at 11-12.

What remains is Plaintiff's complaint that it "los[es] sales to Amazon," Opp. at 16, which sells books at lower prices. But choosing not to compete on price is not antitrust injury.[7] Plaintiff cannot avoid this basic tenet, which dooms its Sherman Act conspiracy claims.

### III. COUNT I: PLAINTIFF STILL FAILS TO ADEQUATELY ALLEGE A PRICE DISCRIMINATION CLAIM UNDER THE ROBINSON-PATMAN ACT

#### A. Plaintiff Fails to Plead Injury to Competition

The Complaint does not plausibly plead competitive injury or facts sufficient to invoke the

---

[6] *Gelboim* is also inapplicable because it involved a plausibly pled horizontal *per se* price-fixing conspiracy. *Id.* at 771. Here, Plaintiff alleges independent, vertical agreements to provide discounts. Mem. at 4-5.

[7] *See ARCO*, 495 U.S. at 337-38. Plaintiff tries to disregard *ARCO* because it involved vertical, maximum price-fixing agreements, Opp. at 13, but the Supreme Court recognized "that difference is not salient." *Id.* at 340.

7

*Morton Salt* presumption. Mem. at 16-17. Instead, Plaintiff tries to bolster its claims with wholly unsupported statements. Plaintiff alleges for the first time in its Opposition that it was "forced into the position of operating at an unprofitable level or losing sales to Amazon." Opp. at 16. But the Complaint does not allege that Plaintiff even attempted to match Amazon's lower prices, or that it was unprofitable to do so. Mem. at 13-14. At most, Plaintiff's cites contain only the bare assertion that "Plaintiff was harmed and injured financially because of Defendants' conduct." Compl. ¶ 26.

Likewise, Plaintiff asserts for the first time in its Opposition that Publisher Defendants supposedly offered greater discounts to Amazon for "six years" so the *Morton Salt* presumption applies. Opp. at 16. But the Complaint alleges price differences only for 10 books that Plaintiff allegedly purchased within 10 months. Compl. ¶ 94. Those 10 isolated incidents "fall far short of the 'significant period of time' that is required to plead a substantial effect on competition[.]" *In re Inclusive Access Course Materials Antitrust Litig.*, No. 20-2946, 2021 WL 2419528, at *17 (S.D.N.Y. June 14, 2021). Plaintiff fails to distinguish this case, and it cannot inject new "facts."

### B. Plaintiff Fails to Show that Alleged Price Differences Are Not the Result of Materially Different Contracts or Legitimate Functional Discounts

Plaintiff wrongly claims that Publishers Defendants do not "cite any authority for the notion that…Plaintiff must preemptively rebut potential arguments about contractual differences." Opp. at 17. Publisher Defendants' cases make clear that this District requires a ***plaintiff*** to plead that price differences "are not the product of materially different contractual arrangements." *Coal. For A Level Playing Field, L.L.C. v. AutoZone, Inc.*, 737 F. Supp. 2d 194, 208–09 (S.D.N.Y. 2010). Here, Plaintiff still fails to allege, as it must, that any differences did not result from materially different contracts between Publisher Defendants and Amazon, the leading bookseller. Plaintiff does not allege that it even ***has*** contracts with Publisher Defendants, only that it purchased books at a "standard discount price of up to 46%." Compl. ¶ 94. Given the clear differences in purchasing

8

arrangements, any alleged discounts would not be unlawful under the RPA.

Likewise, it is Plaintiff's burden to plausibly plead that any alleged price differences are not legitimate functional discounts. *See Autozone*, 737 F. Supp. 2d at 216 ("Plaintiffs have offered no factual material to support a plausible inference that any discounts…do not reflect bona fide functional discounts.").[8] Plaintiff mischaracterizes *Texaco Inc. v. Hasbrouck*, 496 U.S. 543 (1990), to argue that the alleged price differences here cannot be functional discounts because Publisher Defendants "separately compensate" Amazon for services. Opp. at 19-20. But functional discounts "need not precisely correspond to the costs a seller avoids by receiving services performed by the buyer." *Sw. Paper*, 2013 WL 11238487, at *5. The Court in *Hasbrouck* noted that such a discount is only unlawful if given for services the buyer does not actually provide or "completely untethered to either the [seller's] savings or the [buyer's] costs." 496 U.S. at 561–63. To be legitimate, a functional discount need only be "reasonable." *Id.* at 561–62. Thus, Plaintiff's RPA claim fails.

### C. Plaintiff Fails to Plausibly Allege Reasonably Contemporaneous Sales

Plaintiff relies on *American Booksellers Association, Inc. v. Random House, Inc.*, a pre-*Twombly* case, to argue the Complaint sufficiently alleges contemporaneous sales. Opp. at 21-22. But contemporaneous sales were not in dispute in *Random House*. No. 96-0030, 1996 WL 499520, at *4 (S.D.N.Y. Sept. 4, 1996). Here, Plaintiff does not even allege contemporaneous sales, but asks this Court to "infer" them; that falls far short of Plaintiff's pleading requirements under *Twombly*. Mem. at 20-21.[9] Puzzlingly, Plaintiff also relies on *Maier-Schule GMC, Inc. v. General Motors Corp*, 780 F. Supp. 984, 989 (W.D.N.Y. 1991). Opp. at 21. But in *Maier-Schule*, the court dismissed the claim for failure to plead contemporaneous sales because plaintiff did not allege that

---

[8] *See also Sw. Paper Co. v. Hansol Paper*, No. 12-8721, 2013 WL 11238487, at *4 (C.D. Cal. Apr. 15, 2013) ("[F]unctional discounts are not an affirmative defense that must be pled and proven by the defendant.").

[9] Indeed, counsel for Plaintiff acknowledged in *In re Amazon.com, Inc. eBook Antitrust Litig.* that asking this Court to "infer" an element without pleading supporting facts is insufficient. *See* ECF No. 123, No. 21-351, at 32 n.91.

both it and its competitors purchased trucks from defendants at the same time. 780 F. Supp. at 989. Likewise here, Plaintiff alleges that it purchased certain books from Publisher Defendants in 2018, but fails to allege that Amazon purchased those same books at that time. Mem. at 20-21.

### D. Plaintiff's Claim is Barred by the Meeting Competition Defense

Plaintiff admits that certain Publisher Defendants' contracts with Amazon contain clauses specifying that discounts were conditioned upon meeting competitors' discounts. Opp. at 23. Faced with this fatal admission, Plaintiff cites *Falls City Industries v. Vanco Beverage, Inc.*, 460 U.S. 428, 449–50 (1983), to argue that these discounts were not made in good faith to genuinely meet competitors' prices. *Id*.[10] But the discounts in *Falls City Industries* were offered not "because of lower prices by a competitor," but "because of a preconceived pricing scale which was operative ***regardless of*** variations in competitor's prices." 460 U.S. at 449-50 (emphasis added). By contrast, Plaintiff admits that the contracts alleged in the Complaint explicitly condition discounts on comparable discounts being offered by a competitor. Compl. ¶¶ 6, 8, 99, 104.

## MOTION TO STRIKE

Plaintiff opposes Publisher Defendants' Motion to Strike the RPA class allegations with speculative arguments unsupported by its Complaint. These arguments are baseless for the reasons discussed in Amazon's Reply, which Publisher Defendants incorporate by reference.[11] Nothing changes the fact that it would be impossible to certify the alleged class for Plaintiff's individualized RPA claim regardless of discovery. *See* Mem. at 23-25. Defendants' Motion should be granted.

## CONCLUSION

For these reasons, the Court should dismiss all counts as to Publisher Defendants with prejudice. If Count I is not dismissed, the Court should strike Plaintiff's RPA class allegations.

---

[10] Plaintiff repeats its argument that a meeting competition defense does not apply because different titles are not like grade and quality. Opp. at 23. This is unsupported by facts and undermined by Plaintiff's alleged market. Mem. at 22.

[11] ECF No. 111, Reply Memorandum In Support of Amazon.com Inc.'s Motion to Strike Class Allegations.

Dated: November 22, 2021

Respectfully submitted,

/s/ Yehudah L. Buchweitz

/s/ C. Scott Lent

**WEIL, GOTSHAL & MANGES LLP**
Yehudah L. Buchweitz
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256
Facsimile: (212) 310-8007
yehudah.buchweitz@weil.com

Jeff L. White
2001 M Street, NW
Washington , DC 20036
Telephone: (202) 682-7059
Facsimile: (202) 857-0940
jeff.white@weil.com

*Attorneys for Defendant Simon & Schuster, Inc.*

**ARNOLD & PORTER KAYE SCHOLER LLP**
C. Scott Lent
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-8220
Facsimile: (212) 836-8689
scott.lent@arnoldporter.com

*Attorney for Defendant HarperCollins Publishers LLC*

/s/ Joel Mitnick

**CADWALLER, WICKERSHAM & TAFT LLP**
Joel Mitnick
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6555
Facsimile: (212) 504-6666
joel.mitnick@cwt.com

*Attorney for Defendant Macmillan Publishing Group, LLC*

/s/ Rich Snyder

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Rich Snyder
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
Telephone: (202) 777-4565
Facsimile: (202) 507-5965
richard.snyder@freshfields.com

*Attorney for Defendant Hachette Book Group, Inc.*

/s/ Jennifer B. Patterson

**ARNOLD & PORTER KAYE SCHOLER LLP**
Jennifer B. Patterson
Saul P. Morgenstern
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-7210
Facsimile: (212) 836-8689
jennifer.patterson@arnoldporter.com
saul.morgenstern@arnoldporter.com

*Attorneys for Defendant Penguin Random House LLC*