**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOOKENDS & BEGINNINGS LLC, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,<br><br>        Defendants. | No. 1:21-cv-02584-GHW DCF<br><br>[PROPOSED] **PROTECTIVE ORDER**   *DF* |

Honorary Debra C. Freeman, Magistrate Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. Definitions, as used herein:

    a. "Competitive Decisionmaking" means making or influencing decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation or antitrust issues related to such decisions.

    b. "Confidential" information means:

        i. previously non-disclosed commercial or financial information (including, without limitation, profitability reports or estimates, pricing, contracts, agreements, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

- 1 -

    ii. previously non-disclosed material relating to ownership or control of any non-public company;

    iii. any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not previously been published or otherwise made publicly available;

    iv. any information, documents or non-privileged testimony previously disclosed only to a government agency, including, but not limited to, information, documents, testimony (whether by formal deposition or information interview) produced to a government agency voluntarily or in response to compulsory process such as a subpoena or civil investigative demand;

    v. any information of a personal or intimate nature regarding any individual; or

    vi. any other category of information given confidential status by this Court after the date of this Order.

  c. "Disclosed" means shown divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part, and "Disclose" means in present tense to do the same.

  d. "Discovery Material" means information of any kind produced or disclosed in the course of discovery in this action.

  e. "Highly Confidential" information means any Confidential information that the Producing Party (defined below) claiming confidentiality reasonably and in good faith believes would place that person at risk of suffering a significant competitive or commercial

disadvantage if it were disseminated to someone involved in Competitive Decisionmaking at a competitor, a retailer of physical books or eBooks, or a firm with which the person claiming confidentiality transacts business. Highly Confidential information includes, but is not limited to, previously non-disclosed business plans, product development information, confidential contract terms or negotiating positions, and/or marketing plans.

    f. "Producing Party" means any person or entity who produces any information or testifies in this action voluntarily or in response to a discovery request or subpoena.

  2. With respect to Discovery Material that a person has designated as Confidential or Highly Confidential pursuant to this Order, no person subject to this Order may Disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  3. With respect to the Confidential or Highly Confidential portion of any Discovery Material, other than deposition transcripts and exhibits arising out of the above captioned case, the Producing Party or its counsel may designate such portion as Confidential or Highly Confidential by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Should a party state its intent to file a document partially-stamped as "Confidential" or "Highly Confidential," the producing party will produce a redacted version of said document that will not interfere with legibility or audibility.

  4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts arising out of the above-captioned case as Confidential Discovery Material or Highly Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential information or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 calendar days of receipt of the final transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the deposition and during the 30-day calendar period following receipt of the final transcript of the deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Highly Confidential designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Except as otherwise authorized by this Order, information designated as Confidential pursuant to this Order must not be disclosed to any person other than the individuals set forth below and may be disclosed to and used by those individuals only in the manner described below:

      a. the Court and its personnel;

      b. court reporters and their staff (other than those employed by the Court and/or present at Court hearings, who need not sign the Non-Disclosure Agreement annexed as Exhibit A);

      c. outside counsel acting for any Party in this action and that outside counsel's employees and independent contractors, including vendors for copying and document management services, that are assisting such outside counsel in the prosecution or defense of this litigation, including the use of such materials in any comment period regarding a proposed resolution of any portion of this litigation, to assist in the prosecution or defense of this litigation;

      d. as to any document or particular information designated as Confidential, the authors, addressees, and any other person indicated on the face of said document or particular information as having received a copy, solely to the extent that they have previously had lawful access to said document or particular information disclosed or to be disclosed;

      e. persons (and their counsel) who are current employees of the Producing Party (or its then current parent, subsidiary, or affiliate) that produced the Confidential information, or whom counsel for plaintiffs or defendants believes in good faith to have, or have had, prior access to the Confidential information, or who have been participants in

a communication that is the subject of the Confidential information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

        f.    testifying or consulting experts retained by a Party to assist in the prosecution or defense of this litigation, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this litigation, provided that such experts and staff are not employed by, or otherwise involved in Competitive Decisionmaking, for any Party;

        g.    any mediators, secretaries, paraprofessional assistances, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matters;

        h.    for any defendant, to assist in the defense of this litigation, no more than two (2) in-house counsel whose job responsibilities relating to trade books (in any format, e.g., print, electronic, and/or audio) are limited entirely to litigation management and who are not involved in Competitive Decisionmaking as to trade books:

1. Alexis Collins (Amazon)
2. Cristina Fernandez (Amazon)
3. Jennifer Philbrick McArdle (Hachette)
4. Genie Gavenchak (HarperCollins)

5. Trina Hunn (HarperCollins)

6. Rosemary Spano (Macmillan)

7. Carolyn Foley (Penguin Random House)

8. Andrew Nieh (Simon & Schuster)

9. Joseph F. Richburg (Simon & Schuster)

In the event that any of the above-listed in-house counsel acquires trade book job responsibilities other than litigation management or becomes involved in Competitive Decisionmaking as to trade books, such counsel will be reclassified as a subparagraph 7(i) in-house counsel. In the event that any of the above-listed in-house counsel acquires business job responsibilities in addition to or in lieu of his/her legal responsibilities, such counsel no longer shall have access to any Confidential or Highly Confidential information. In the event that a defendant's designated in-house counsel is no longer eligible to serve as a designee under this Protective Order, due to a change in such defendant's designated in-house counsel's role or otherwise, such defendant may designate a replacement in-house counsel who meets the criteria set forth herein and shall cause such replacement in-house counsel to execute the Non-Disclosure Agreement annexed as Exhibit A; and

      i. for any defendant, to assist in the defense of this litigation, no more than two (2) in-house counsel who do not also have non-legal roles and no more than one non-legal employee who has no direct role in negotiating eBook or physical book distribution agreements between a publisher defendant and a book retailer or is someone to whom such an employee reports directly or indirectly:

1. Amy Posner (Amazon)

2. Min Lee (Hachette)

    3. Bill Adams (HarperCollins)

    4. Martin D'Halluin (HarperCollins)

    5. Paul Sleven (Macmillan)

    6. Amy Wolosoff (Macmillan)

    7. Celia Guerra (Simon & Schuster)

    8. Felice Javit (Simon & Schuster)

    9. Veronica Jordan (Simon & Schuster)

In the event that any of the above-listed in-house counsel acquires business job responsibilities in addition to or in lieu of his/her legal responsibilities, such counsel no longer shall have access to any Confidential information. In the event that a defendant's designated in-house counsel is no longer eligible to serve as a designee under this Protective Order, due to a change in such defendant's designated in-house counsel's role or otherwise, such defendant may designate a replacement in-house counsel who meets the criteria set forth herein and shall cause such replacement in-house counsel to execute the Non-Disclosure Agreement annexed as Exhibit A.

  8. Except as otherwise authorized by this Order, information designated as Highly Confidential pursuant to this Order must not be disclosed to any person other than the individuals set forth in subparagraphs 7(a) through (h) of this Order, and may be disclosed to and used by those individuals only in connection with this litigation.

  9. Before disclosing any Confidential Discovery Material or Highly Confidential Material to any person referred to in Paragraphs 7(b)-(i) and/or 8 above, counsel must provide a copy of this Order to such person, who must sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow,

and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. For any outside counsel who signs the Non-Disclosure Agreement, said outside counsel's employees, paralegals, assistants, and staff are exempt from the requirements to sign the Non-Disclosure Agreement. Also exempt from signing the Non-Disclosure Agreement is any current employee or officer of the producing party, or any witness who testifies only regarding a document(s) sent or received by said witness in accordance with the provisions in paragraph 7(d) of this Protective Order.

10. Notwithstanding the provisions of paragraphs 7, 8, and 9 of this Order, nothing in this Order:

    a. limits a Producing Party's use or disclosure of its own information designated as Confidential or Highly Confidential;

    b. prevents disclosure of Confidential or Highly Confidential information to any current employee of the Producing Party that designated that information as Confidential or Highly Confidential;

    c. prevents disclosure of Confidential or Highly Confidential information with the consent of the Producing Party that designated the Confidential or Highly Confidential information; or

    d. prevents disclosure by a Party of Confidential or Highly Confidential information (i) that is or has become publicly known through no fault of that Party; (ii) that is lawfully acquired by or known to that Party independent of receipt in discovery in this action; (iii) previously produced, disclosed, and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of this Court.

11. With respect to any subpoena served in accordance with Federal Rule of Civil Procedure 45, the following shall apply:

    a. Upon receiving notice and a copy of any subpoena to be served in this case, as required by Fed R. Civ. P. 45(a)(4), any party (the "Informing Party") may, within five (5) business days of such notice, inform the party serving the subpoena and all other parties that documents produced in response to that subpoena may reasonably be expected to contain information that qualifies as Confidential or Highly Confidential under this Protective Order, and provide a general description of the documents expected to contain information that qualifies as Confidential or Highly Confidential. In that event, or in the event that the party serving the subpoena informs the other parties that documents received from a third party may reasonably be expected to contain information that qualifies as Confidential or Highly Confidential at the time it provides the other parties with copies under Section 11(b) of this Protective Order, all parties being so informed shall treat all documents produced in response to the subpoena as Highly Confidential from the time they receive such documents until 30 calendar days after the party serving the subpoena provides copies under Section 11(b) of this Protective Order. The Informing Party and the party serving the subpoena shall have a period of 30 calendar days from the time the party serving the subpoena provides such documents under Section 11(b) of this Protective Order during which to designate any part of the third-Party production as Confidential

or Highly Confidential under this Protective Order. For purposes of this paragraph, if the thirtieth calendar days falls on a weekend or holiday, the applicable deadline shall be the next business day. Any such designation may be challenged under the provisions provided for in Section 15 of this Protective Order. Upon request, any party making designations under this Section shall provide the parties with stamped copies of the documents so designated, in accordance with the provisions provided for in Section 3 of this Protective Order.

b. Whether or not a party informs the party serving a subpoena as provided in Section 11(a) of this Protective Order, any party serving a subpoena in this case will promptly provide, within two business days, the other parties with a copy of all material produced by the third party in response to the subpoena (including a copy of the third-party's written responses or objections, if any). If the party serving the subpoena is unable to provide the other parties with a copy of all materials produced by the third party within two business days, the party serving the subpoena shall immediately notify the other parties in writing.

12. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Material so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All Parties and persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery

Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

13. In filing Confidential Discovery Material or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

14. Disclosure of Confidential Discovery Material or Highly Confidential Discovery Material beyond the terms of this Protective Order may be made only if the Producing Party designating the material as "Confidential" or "Highly Confidential" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. Counsel for the person receiving Confidential Discovery Material or Highly Confidential Discovery Material must provide a copy of this Order to such person, who must

sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

15. Any Party who objects to a designation of Confidential or Highly Confidential may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Parties shall meet and confer, or hold multiple meet-and-confers, in an attempt to resolve the dispute without Court intervention within five (5) business days after receipt of the written notice. If the Parties cannot reach agreement, any Party may serve written notice upon counsel for the Parties stating that the Parties have reached a discovery impasse. Counsel for all affected Parties will then submit a joint letter to this Court outlining their respective positions on the discovery dispute within seven (7) business days of written notice of the discovery impasse. The Parties will otherwise address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

16. Recipients of Confidential Discovery Material or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material or Highly Confidential Discovery Material in its possession in response to a

lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material or Highly Confidential Discovery Material must either return the Confidential Discovery Material or Highly Confidential Discovery Material— including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material or Highly Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material or Highly Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

DATED this 1st day of November, 2021

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By: */s/ Steve W. Berman*
                                             Steve W. Berman (*pro hac vice*)
                                        Barbara A. Mahoney (*pro hac vice*)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone: 206-623-7292
                                        Facsimile: 206-623-0594
                                        steve@hbsslaw.com
                                        barbaram@hbsslaw.com

                                        *Interim Lead counsel for the proposed Class, attorneys for Plaintiffs Shannon Fremgen, Mary Christopherson-Juve, Denise Deleon, Sandra Wilde, Michael Wilder*

                                        WILLIAMS & CONNOLLY LLP

                                        By: */s/ John E. Schmidtlein*
                                             John E. Schmidtlein
                                        Jonathan B. Pitt (#JP0621)
                                        725 Twelfth Street, N.W.
                                        Washington, DC 20005
                                        Telephone: (202) 434-5000
                                        Facsimile: (202) 434-5029
                                        jschmidtlein@wc.com
                                        jpitt@wc.com

                                        *Attorneys for Defendant Amazon.com, Inc.*

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Rich Snyder*
    Rich Snyder
700 13th Street, N.W., 10th Floor.
Washington, DC 20005
Telephone: (202) 777-4565
Facsimile: (202) 507-5965
richard.snyder@freshfields.com

*Attorneys for Defendant Hachette Book Group*


ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ C. Scott Lent*
    C. Scott Lent
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8220
Facsimile: (212) 836-8689
scott.lent@arnoldporter.com

*Attorney for Defendant HarperCollins Publishers LLC*

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Joel Mitnick*
    Joel Mitnick
Zachary P. Schrieber
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6555
Facsimile: (212) 504-6666
joel.mitnick@cwt.com
zack.schrieber@cwt.com

*Counsel for Defendant Macmillan Publishing Group, LLC*

- 16 -

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Jennifer B. Patterson
    Jennifer B. Patterson
Saul P. Morgenstern
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-7210
Facsimile: (212) 836-8689
saul.morgenstern@arnoldporter.com
jennifer.patterson@arnoldporter.com

*Attorneys for Defendant Penguin Random House LLC*


WEIL, GOTSHAL & MANGES LLP

By: /s/ Yehudah L. Buchweitz
    Yehudah L. Buchweitz
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256
Facsimile: (212) 310-8007
yehudah.buchweitz@weil.com

Jeff L. White
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7059
Facsimile: (202) 857-0940
jeff.white@weil.com

*Attorneys for Defendant Simon & Schuster, Inc.*


    SO ORDERED.

Dated: 4/15/2022
New York, New York

    ~~HONORARY DEBRA C. FREEMAN~~
    DEBRA FREEMAN, U.S. Magistrate Judge

<u>Exhibit A</u><br>
to Stipulated Confidentiality<br>
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOOKENDS & BEGINNINGS LLC, on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,<br><br>            Defendants. | No. 1:21-cv-02584-GHW DCF<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                  _____
                                                  Name:
                                                  Date: