**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
BOOKENDS & BEGINNINGS LLC, on behalf
of itself and all others similarly situated,

                        Plaintiff,

                                                      **REPORT AND**
                                                      **RECOMMENDATION**

AMAZON.COM, INC.; HACHETTE BOOK            21-cv-02584 (GHW) (VF)
GROUP, INC.; HARPERCOLLINS
PUBLISHERS L.L.C.; MACMILLAN
PUBLISHING GROUP, LLC; PENGUIN
RANDOM HOUSE LLC; SIMON &
SCHUSTER, INC.,

                        Defendants.
----------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO THE HONORABLE GREGORY H. WOODS, United States District Judge**

      Defendants Hachette Book Group, Inc., HarperCollins Publishers LLC, Macmillan Publishing Group, LLC, Penguin Random House LLC, and Simon & Schuster, Inc. (collectively, the "Publishers") and Amazon.com, Inc. have moved to strike the class allegations in the Amended Class Action Complaint filed by Plaintiff Bookends & Beginnings LLC ("Bookends"), which raises claims under the Sherman Act, 15 U.S.C. §§ 1, 2, and the Robinson-Patman Act ("RPA"), 15 U.S.C. § 13.[1] See Amazon's Mot. to Strike at 2, ECF No. 79; Publishers' Br. at 23, ECF No. 76. Plaintiff opposes the motions. See ECF Nos. 94, 98. I previously recommended that Plaintiff's Amended Class Action Complaint be dismissed. See ECF No. 141. If Plaintiff's

---

[1] The Publishers expressly limit their motion to strike the class allegations as they pertain to Plaintiff's RPA claim. See ECF No. 76 at 23. Amazon does not.

1

antitrust claims are not dismissed, Defendants' motions to strike the class allegations are premature at this early stage in the litigation. I therefore recommend that Defendants' motions be **DENIED** without prejudice.[2]

Under Federal Rule of Civil Procedure 23, a court must, "[a]t an early practicable time after a person sues or is sued as a class representative . . . determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "In this circuit, motions to strike are looked on with disfavor, and motions to strike class allegations are 'even more disfavored' because they 'require[ ] a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" Garcia v. Execu/Search Grp., LLC, No. 17-CV-9401, 2019 WL 689084, at *1 (S.D.N.Y. Feb. 19, 2019) (quoting Chenensky v. N.Y. Life Ins. Co., 2011 WL 1795035, at *1 (S.D.N.Y. Apr. 27, 2011) (alterations in original)); see also Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (explaining that pre-discovery motions to strike class allegations are generally "deemed procedurally premature"). Whether to grant or deny a motion to strike lies within the court's sound discretion. Ong v. Chipotle Mexican Grill, Inc., 294 F. Supp. 3d 199, 222 (S.D.N.Y. 2018).

To strike class allegations before the class-certification stage, Defendants would have to demonstrate "from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts Plaintiff[ ] may be able to obtain during discovery." Mayfield v. Asta

---

[2] For purposes of the discussion that follows, I assume the parties' familiarity with the facts of this case and its procedural history, both of which are recounted in my Report and Recommendation addressing Defendants' motions to dismiss. See ECF No. 146.

2

Funding, Inc., 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015) (citing Bryant v. Food Lion, Inc., 774 F. Supp. 1484, 1495 (D.S.C. 1991)). Defendants have not made that showing here.

Defendants argue that RPA claims are "particularly ill-suited to the class action format." Publishers' Br. at 23; see also Amazon's Mot. to Strike at 2. Defendants may well be right that Plaintiff's RPA claim cannot proceed on a class basis, but they have cited to no case where a court granted a motion to strike class allegations at the pleading stage in a case raising an RPA or Sherman Act claim. Instead, the cases on which Defendants rely (Publishers' Br. at 23) were in a different procedural posture—namely, at the class-certification stage.[3] See O'Connell v. Citrus Bowl, Inc. 99 F.R.D. 117, 119 (E.D.N.Y. 1983) (denying plaintiffs' class-certification motion for their RPA claims "[f]ollowing a year of extensive discovery"); ABC Distrib., Inc. v. Living Essentials LLC, No. 15-CV-02064 (NC), 2017 WL 2603311, at *1, 4 (N.D. Cal. Apr. 7, 2017) (denying plaintiffs' class-certification motion for RPA claim after "limited discovery"); Mad Rhino, Inc. v. Best Buy Co., No. CV 03-5604 GPS (AJW), 2008 WL 8760854, at *7-10 (C.D. Cal. Jan. 14, 2008) (denying class-certification motion); Clark v. H.P. Hood Inc., No. 83-0205-C, 1985 WL 6263, at *2 (D. Mass. Sept. 5, 1985) (same); Abernathy v. Bausch & Lomb Inc., 97 F.R.D. 470, 477 (N.D. Tex. 1983) (same).

Defendants argue that striking the class allegations is appropriate at this stage because competitive injury, an element of an RPA claim, requires Plaintiff to show lost sales for each retailer on an individualized basis. Amazon's Mot. at 2; see also Publishers' Br. at 24-25. But as

---

[3] The Publishers cite one case (Publishers' Br. at 24 n.9) where the class allegations relating to an RPA claim were stricken on a motion to dismiss. See Genesee Vending, Inc. v. Lorillard Tobacco Co., No. 04-60091, 2004 WL 3168777, at *3 n.5 (E.D. Mich. Nov. 2, 2004). But in that case, the plaintiffs "appear[ed] to concede" that their RPA claim was unsuited to proceed by class and "recommend[ed] that the litigation be split up into groups of ten." Id. Here, Plaintiff has made no such concession.

3

Plaintiff argues, courts have accepted various methods for proving competitive injury that could be applied on a class basis. See, e.g., Cash & Henderson Drugs, Inc. v. Johnson & Johnson, 799 F.3d 202, 207 (2d Cir. 2015) (parties agreed on method to determine if 28 plaintiffs had lost customers to favored buyers and thus suffered competitive injury). Additionally, courts have found that where a "defendant maintain[ed] two price lists, which are discriminatory on their face and demonstrate that the defendant sold its products on better terms to the allegedly favored group," competitive injury could be determined on a class basis. See Mad Rhino, Inc., 2008 WL 8760854, at *8 (citing Gold Strike Stamp Co. v. Christensen, 436 F.2d 791 (10th Cir. 1970)); Williams v. Duke Energy Corp., No. 1:08-CV-46, 2014 WL 12652315, at *9 (S.D. Ohio Mar. 13, 2014) (noting that plaintiffs' RPA claim fit this exception where defendant kept two "price lists" with favored and disfavored customers.) It thus is not apparent from the face of the complaint that it would be *impossible* to establish competitive injury here on a class basis.

Amazon also argues that Plaintiff's Sherman Act claims are not suitable for class treatment because determining injury will require an individualized inquiry. Amazon's Reply Br. at 6, ECF No. 111. But, "courts frequently [ ] certify a class in an antitrust case that involves allegations of conspiracy or monopoly, because questions regarding the scope and extent of the conspiracy or monopoly are likely to predominate." Cont'l Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater New York, Inc., 198 F.R.D. 41, 45 (E.D.N.Y. 2000); In re Elec. Books Antitrust Litig., No. 11-MD-2293 (DLC), 2014 WL 1282293, at *23 (S.D.N.Y. Mar. 28, 2014) (granting class certification for Sherman Act claim where "plaintiffs ha[d] established that common issues in th[e] litigation [would] predominate over any individualized ones."). Although Amazon contends, at this early stage, that individual issues would predominate over common questions, Amazon has not shown that it is clear from the face of the complaint that it would be

impossible to certify a class in this case. Based on the allegations in the complaint, the proposed class of booksellers might have received similar discounts, similar wholesale prices, and similar retail prices—allowing for common questions to predominate.

Finally, Plaintiff also seeks injunctive relief under the RPA on a class-wide basis. Amazon contends that Plaintiff cannot obtain class-wide injunctive relief where there is insufficient evidence that individual plaintiffs have suffered antitrust injury. Amazon's Reply Br. at 5. But to obtain injunctive relief under the RPA, "each plaintiff does not need to prove that it was actually injured by the unlawful price discrimination." American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc., 135 F. Supp. 2d 1031, 1036 (N.D. Ca. 2001); see also Mad Rhino, Inc., 2008 WL 8760854, at *5 ("The showing required to establish a substantive right to injunctive relief under the [RPA] is less stringent than the showing required in an action for damages."). And, courts have let RPA claims proceed by class where injunctive relief was sought. See Williams, 2014 WL 12652315, at *9 (approving class for RPA claim seeking injunctive and declaratory relief); American Booksellers Ass'n, Inc., 135 F. Supp.2d at 1037 (allowing RPA claim seeking injunctive relief, brought by American Booksellers Association on behalf of all California members and 27 independent bookstores, to proceed past summary judgment).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' Motions to Strike the Class Allegations be **DENIED** without prejudice.

Date: September 7, 2022
New York, New York

Respectfully submitted,

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## NOTICE

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Gregory H. Woods. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**