UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
BOOKENDS & BEGINNINGS LLC,                         :
:
                              Plaintiff, :
:
                  -v -                                :
:
AMAZON.COM, INC., HACHETTE BOOK                    :
GROUP, INC., HARPERCOLLINS PUBLISHERS              :
L.L.C., MACMILLAN PUBLISHING GROUP,                :
LLC, PENGUIN RANDOM HOUSE LLC, and                 :
SIMON & SCHUSTER, INC.,                            :
:
                            Defendants. :
:
----------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2022

ORDER

1:21-cv-2584-GHW-VF

GREGORY H. WOODS, United States District Judge:

On August 15, 2022, Magistrate Judge Valerie Figueredo issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Figueredo recommended that the Court grant Defendants' motions to dismiss Plaintiff's claims in this case. Because the Report and Recommendation is sound, the Court adopts it in full and grants Defendants' motions to dismiss.

I.     BACKGROUND

The Court refers to the Report and Recommendation, Dkt. No. 146 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to these motions.

The initial complaint in this matter was filed on March 25, 2021. Dkt. No. 1. In May 2021, both of the so-called "Publisher Defendants"[1] and Amazon.com, Inc. ("Amazon") filed pre-motion conference letters requesting leave to file motions to dismiss the complaint. Dkt. Nos. 43, 44. In their letters, Defendants asserted that the factual predicate of the initial complaint—that the

---

[1] The Publisher Defendants are Hachette Book Group, Inc., HarperCollins Publishers LLC, Macmillan Publishing Group, LLC, Penguin Random House LLC, and Simon & Schuster, Inc.

Publisher Defendants had contracts with Amazon that contained "highly restrictive most favored nation clauses (MFNs)"—was simply not true. *Id.* In response to the letters, Plaintiff decided to amend the initial complaint. The parties entered into a stipulation in which they agreed to a schedule for the filing of an amended complaint; that stipulation was adopted by Magistrate Judge Debra C. Freeman on June 17, 2021. Dkt. No. 59. Plaintiff filed its amended complaint on July 9, 2021. Dkt. No. 65.

Two separate motions to dismiss were filed on September 7, 2021. The first was filed by the Publisher Defendants.[2] Dkt. No. 75. The second was filed by Amazon. Dkt. No. 77. In addition, Amazon filed a motion to strike Plaintiff's class allegations. Dkt. No. 79. Plaintiff filed its oppositions to each of the motions to dismiss and the motion to strike on October 22, 2021. Dkt. Nos. 94, 95, 98. And the Publisher Defendants and Amazon each filed their respective replies on November 22, 2021. Dkt. Nos. 111, 112, 114.

Judge Figueredo held oral argument with respect to the motion on July 27, 2022, and issued her R&R on August 15, 2022. In the R&R, Judge Figueredo carefully analyzed the arguments presented by Defendants and recommended that the Court dismiss all of Plaintiff's claims. The R&R did not address the issue of whether the Court should grant Plaintiff leave to amend the complaint. On September 7, 2022, Judge Figueredo issued a separate Report and Recommendation with respect to Defendants' applications to strike Plaintiff's class allegations. Dkt. No. 147. In it, Judge Figueredo recommended that, in the event that the Court elected not to accept her recommendation that Defendants' motions to dismiss be granted, that it deny the motions to strike without prejudice as premature.

Plaintiff objected to substantially all of Judge Figueredo's conclusions in the R&R through a comprehensive set of objections filed on September 15, 2022 (the "Objections"). Dkt. No. 150.

---

[2] The Publisher Defendants also moved to strike Plaintiff's class allegations. Dkt. No. 75.

The Publisher Defendants and Amazon filed responses in support of the conclusions of the R&R on September 27, 2022.  Dkt. Nos. 153, 154.

## II.    LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error."  *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'"  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III.   DISCUSSION

While the Publisher Defendants argue in their response that many of the arguments presented in the Objections are entitled to only clear error review, for purposes of its evaluation of the R&R, the Court treats the Objections as sufficiently precise to merit *de novo* review.  The Court has reviewed the briefing with respect to the motions to dismiss and the Objections and has

conducted a *de novo* review of the arguments presented in connection with the motions to dismiss, informed by the arguments presented in the Objections and the briefing responding to them. Having done so, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R by Judge Figueredo.  As a result, for the reasons set forth in the R&R, Defendants' motions to dismiss are granted.  Because the Court has granted Defendants' motions to dismiss, it denies Defendants' applications to strike Plaintiff's class allegations as moot.

## IV.     LEAVE TO AMEND

Plaintiff is granted leave to amend the complaint.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  The R&R does not make a recommendation regarding whether leave to amend should be granted.  In the Objections, Plaintiff requests leave to amend in the event that the Court were to grant Defendants' motions to dismiss.  Objections at 25.  Defendants argue that leave to amend should be denied, noting that Plaintiff had the opportunity to amend the complaint following the submission of the motions to dismiss and chose not to do so.  Dkt. No. 153 at 24; Dkt. No. 154 at 24.

Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted).  None of those conditions apply here:  the Court cannot conclude that a further amendment of the complaint would be futile.  And Plaintiff has not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court.  "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells*

4

*Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Accordingly, Plaintiff may amend the complaint. Any amended complaint must be filed within 30 days of the date of this order.

## V.  CONCLUSION

For the reasons set forth in the R&R, Defendants' motions to dismiss are GRANTED without prejudice. Defendants' motions to strike are DENIED as moot.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 75, 77, and 79.

SO ORDERED.

Dated: September 29, 2022
      New York, New York

_____
GREGORY H. WOODS
United States District Judge